*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK ALAN ARIZOLA,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 366508
Barry Circuit Court
LC No. 2022-000411-FH

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

K. F. KELLY, J. (*dissenting*).

The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 240 to 480 months' imprisonment as a result of his conviction for being a felon in possession of a firearm ("felon-in-possession"). Although the trial court's sentence departed from the recommended guidelines range, the sentence was reasonable and proportional in light of defendant's criminal history and background. Accordingly, I would affirm defendant's sentence, and I respectfully dissent.

A trial court's decision to depart from the guidelines when fashioning a sentence is reviewed for reasonableness. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). A sentence is deemed reasonable "if it adheres to the principle of proportionality," which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and offender." *Id*. at 351-352 (quotation marks and citation omitted). When assessing the proportionality of a sentence, this Court considers:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Id*. at 352-353 (quotation marks and citation omitted).]

When sentencing defendant, the trial court referred to a number of factors on the record, indicating its reasons for sentencing defendant beyond the sentencing guidelines range. First, regarding the seriousness of the crime, see *id*. at 352, the trial court expressly recognized that

defendant's crime was "very serious" because "[s]omebody got shot." Second, the trial court expressed that there were "multiple things, both misdemeanors and felonies, that were not scored [be]cause we stop at a certain level." Thus, while the trial court recognized that a number of defendant's prior convictions were accounted for by defendant's sentencing guidelines scoring, the trial court expressed that defendant's eight prior felonies and 19 prior misdemeanors were not adequately accounted for because of defendant's significant criminal history. See *id*.

Moreover, the trial court identified factors that were not considered by the sentencing guidelines, such as defendant's potential for rehabilitation. See *id*. at 352-353. Specifically, the trial court stated that it did not believe defendant could be properly rehabilitated and felt that "the likelihood that [defendant] commit[s] another crime when he gets out . . . is almost absolute." The trial court also identified that there have already been prior rehabilitation and deterrence efforts put in place for defendant after he committed crimes in the past, but defendant was unable to be properly rehabilitated long term as he regularly committed crimes after being released from prison, parole, and probation.

For the reasons articulated by the trial court, defendant's sentence was proportionate to the criminal offense and defendant's background, and I would affirm the trial court's order imposing it.

/s/ Kirsten Frank Kelly